FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2016 APR 1 AM 10 33

STEPHAN HARRIS, CLERK
UNITED STATES DISTRICT COURT
CHEYENNE

_____ DISTRICT OF WYOMING _____

| | |
|---|---|
| RACHEL JAMES ) | |
| ) | Case Number: 16-cv-60-F |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | |
| ACCELERATED RECEIVABLES ) | |
| SOLUTIONS, INC. ) | |
| and DAVID W. BROSTROM, INDIVIDUALLY ) | **JURY TRIAL DEMANDED** |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

Comes now the Plaintiff, Rachel James (hereinafter "James"), pro se, and for her Complaint against Defendants Accelerated Receivables Solutions, Inc. (hereinafter "ARS") and David W. Brostrom, individually (hereinafter "Brostrom"), and respectfully states as follows:

## INTRODUCTION

Plaintiff brings this Complaint seeking statutory and actual damages, as well as attorney fees and costs, for violations of the *Fair Debt Collection Practices Act* (hereinafter "FDCPA ") *§15 U.S.C. 1692 et seq.*, and Wyoming Collection Agency Act, Chapter 4, Section 6 of the Rules & Regulations of the Collection Agency Board creates a state cause of action and private right of action for damages for conduct that violates the provisions of the "Fair Debt Collection Practices Act (FDCPA) as issued and amended as of October 13, 2006, and contained in Title I of the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.)."(hereinafter "Regulations").

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. This honorable Court is a Court of competent jurisdiction which has original jurisdiction over Plaintiff's federal claims and is authorized by the FDCPA to hear and adjudicate Plaintiffs claims against Defendants.

2. As Plaintiff's state claim is related to Plaintiff's federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiff state claim against Defendants.

3. Plaintiff state claim is related to Plaintiff federal claims as those claims form part of the same case of controversy under Article III of the United States Constitution.

4. Plaintiff state claim is not complex or novel and is straightforward.

5. Venue is proper as all alleged conduct by Defendants took place in Cheyenne, Wyoming, while the Plaintiff was residing in Cheyenne, Wyoming, and/or the Defendants have availed themselves of jurisdiction in this venue by conducting business therein.

## PARTIES

6. James is an individual, natural person, and a consumer, residing in Cheyenne, Wyoming; and was an "individual", "natural person" and a "consumer", at all times as alleged in this Complaint.[1]

7. ARS, located at 2223 Broadway, Scottsbluff, NE 69361, is a "debt collector", in so far as

---

[1] 15 U.S.C. § 1692a(3) defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.

"debt collector" is defined pursuant to *15 U.S.C. §1692a(6)*[2], who regularly engages is consumer-debt-collection activity.

8. Brostrom is a natural person, an employee of ARS, and at all times as alleged in this Complaint was acting as a debt collector, in so far as debt collector is defined by the FDCPA.

## RELEVANT PRECEDENT & STATUTORY STRUCTURE OF THE FDCPA

9. James incorporates by reference and re-alleges paragraphs (1) through (8).

10. The FDCPA is a strict liability statute that covers both intentional and unintentional violations.[3]

11. Courts are to employ and use the "least sophisticated consumer" standard when analyzing FDCPA claims, and whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer.[4]

12. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 *US C. §1692f.*[5]

13. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector shall not [emphasis added] communicate further with the consumer with

---

[2] 15 USC. §1692a(6) defines a "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[3] Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002); Strand v. Diversified Collection Serv., Inc., 380 F.3d 316,317 (8th Cir. 2004).

[4] Fouts v. EXPRESS RECOVERY SERVICES, INC., No. 14-4046 (10th Cir. Feb. 3, 2015); Freyermuth v. Credit Bureau Servs Inc., 248 F.3d 767, 771 (8th Cir. 2001) (quoting Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir.2000).

[5] "Statutory proscriptions using general terms such as unfairness are to be given effect by considering public values beyond simply those enshrined in the letter or encompassed in the spirit of the statute." Federal Trade Commission v. Sperry & Hutchinson Co., 405 U.S. 233 S. Ct. (1972).

respect to such debt, except-

    (1) to advise the consumer that the debt collector's further efforts are being terminated;

    (2) to advise the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector; or

    (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. *15 US.C. § 1692(c)*.

14. A debt collector's response to a "cease communication" [refusal to pay] notice from the consumer may not include a request for payment. <u>Federal Trade Commission Staff Commentary on the FDCPA</u>, April 20, 2014; see also, <u>Lewis v. ACB Business Services Inc.</u> 135 F.3d 389 (6th Cir. 1998).

15. The bona fide error defense is limited to clerical errors. <u>Picht v. Jon R. Hawks, Ltd.</u>, 236, 3d 446,451 (8th Cir. 2001).[6]

16. Under the FDCPA, *15 U.S.C. §1692k(a)(2)*, any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for statutory damages up to $1,000.

17. Under the FDCPA, *15 U.S.C. § 1692k(a)(1)*, any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages.

---

[6] This case presents the question whether the "bona fide error" defense applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. "**We conclude it does not.**" [emphasis added] <u>Jerman v.Carlisle, McNellie, Rini, Kramer & Ulnch LPA</u>, No. 08-1200,130 S. Ct. 1605; 176 LEd. 2D 519; 2010 U.S. Lexis 3480; (April 21, 2010).

18. An employee of a debt collector is jointly and severally liable for conduct that violates the FDCPA.[7]

19. In the case of a successful action to enforce the foregoing liability, a debt collector is liable for the costs of the action, together with a reasonable attorney's fee as determined by the court. *15 U.S.C. §1692k(a)(3)*.

## FACTS COMMON TO ALL COUNTS

20. James incorporates by reference and re-alleges paragraphs (1) through (19).

21. On or about January 17, 2016, ARS sent an initial communication, dunning letter, to James, alleging James owed a consumer debt[8] to Regional West Medical Center.[9]

22. Under the FDCPA, ARS's dunning letter was an initial communication to James.

23. ARS's communication requested payment of James.

24. On or about March 7, 2016, James sent a letter to ARS, in response to ARS's dunning letter.[10]

25. Among other things, James clearly communicated to ARS the she refused to pay the debt.

26. ARS received James's refusal to pay letter March 9, 2016.

27. On or about March 24, 2016, ARS sent a response to James, which James received on or

---

[7] Krapf v. Profl Collection Servs., Inc., 525 Supp. 2d 3324 (E.D.N.Y. 2007)(Employees of the debt collector personally involved with the violative conduct are personally liable under the FDCPA)); Ohlson v. Cadle Co. 2006 WL 721505 (E.D.N.Y. Mar 21, 2006)(rejecting the defendant's contention that only collection agencies, and not individuals, are liable under the FDCP A, holding to the contrary "that officers and employees of the debt collecting agency may be jointly and severally liable with the agency where they have affirmatively acted".))

[8] *15 US.C. 1692a(5)* defines a "debt" as "[a]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

[9] Regional West Medical Center is a medical center located in Nebraska that allegedly performed laboratory work on behalf of James.

[10] James sent her letter certified mail # 7011 0470 0003 6223 9247

about March 28, 2016.

28. ARS's letter advised James they were enclosing validation and James should remit payment in the amount of $642.91.

29. ARS's letter was signed:

> David W. Brostrom
> General Counsel

## COUNT ONE, VIOLATIONS OF THE FDCPA

30. James incorporates by reference and re-alleges paragraphs (1) through (29). The Defendants violation of the FDCPA include but are not limited to the following:

31. ARS and Brostrom violated the FDCPA, specifically, *15 USC. § 1692(c)*. James informed ARS in writing, and which ARS received, that she refused to pay the alleged debt ARS owed to another party; however, irrespective of James's cease communications directive which was invoked by James's refusal to pay letter, ARS and Brostrom did not cease communications with James, and responded to James's refusal to pay letter with a demand for payment in the amount of $XXX.

32. ARS's response to James's refusal to pay letter was not one of the narrowly defined exceptions under the FDCPA that would have made ARS's letter legal under the FDCPA.

33. James never communicated a clear waiver of her cease communication order.[11]

---

[11] "Other than as permitted by 1692c(c), a debt collector who has received a cease communications order from a debtor must not contact the debtor unless it has received a "clear" waiver of that order." See, Clark v. Capital Credit &Collection Services, 460 F.3d 1162 (2006); and Herbert v. Monterey Financial Services. Inc., 863 F.Supp. 76 (D. Conn. 1994).

34. A debt collector is not required to validate the debt; the debt collector simply must not continue collection efforts without first validating the debt.

35. The validation demanded by James was made well outside the 30-day time period that imposes an affirmative duty on a debt collector to validate the debt, if that debt collector wishes to continue to attempt to collect the debt.[12]

36. ARS chose to validate the debt when there was no legal requirement they validate the debt. ARS could have validated the debt and still complied with James's cease communications order.

> "A consumer's written demand to the collector that it verify the debt pursuant to § 1692g and otherwise cease all other communication effectively invoked the § 1692 c(c)'s cease communication remedy and did not improperly attempt to "have it both ways," and the collector's subsequent communications other than to provide verification, violated §1692c(c)."[13] See, Johnson v. Equifax Risk Mgmt. Servs., 2004 WL 540459 (S.D.N.Y. Mar 17, 2004).

37. Regardless of ARS and Brostrom's intent, the FDCPA is a strict liability statute and a debt collector's misinterpretation of the legal requirements under the FDCPA is not eligible for the bona fide error defense.[14]

> Congress responded to "abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a), by enacting a comprehensive, detailed remedial scheme that imposes civil liability on debt

---

[12] See, *15 U.S.C. § 1692g(b)*.
[13] Edwards v. Niagara Credit Solutions, Inc., No. 08-17006 (11th Cir. Oct. 14, 2009) (holding, a debt collector may not violate one section of the Act [FDCPA] in an attempt to comply with another part.))
[14] Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA, Supreme Court of the United States, No. 08-1200, 130, 1605; 176 L.Ed. 2D 519; 2010 Lexis 3480 (April 21, 2010); see also, Owen v. LC. System, Inc., 629 F.3d 1263 (11th Cir. 2011) ("The FDCPA's bona fide error defense does not shield the debt collector from liability when it relies on information from the creditor in sending collection letters demanding payment."))

collectors who engage in a range of prohibited conduct, without regard to their knowledge or intent. See <u>Russell v. Equifax A.RS.</u>, 74 F.3d 30 (2d Cir. 1996) ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages").

## COUNT TWO, VIOLATIONS OF THE REGULATIONS

38. James incorporates by reference and re-alleges paragraphs (1) through (37). The Defendants violation of the Regulations include but are not limited to the following:

39. ARS and Brostrom's violation of the FDCPA is a per se violation of the Regulations[15] reporting whatever information, a creditor furnished is not reasonable." See, <u>Swoager v. Credit Bureau</u>, 608 F. Supp. 972, 976 (D.C. Fla. 1985).

## REQUEST FOR RELIEF

40. James incorporates by reference and re-alleges paragraphs (1) through (39).

41. James prays for statutory damages against Defendant ARS, in the amount of $1,000.00 for violating the FDCPA.

42. James prays for statutory damages against Defendant Brostrom, in the amount of $1,000.00 for violating the FDCPA.

43. James prays for actual damages against Defendant ARS, in an amount to be proven at trial, for violations of the Regulations.

44. James prays for actual damages against Defendant Brostrom, in an amount to be proven at trial, for violations of the Regulations.

45. James prays for reasonable attorney's fees and costs, against all Defendants, pursuant to the FDCPA and Regulations.

---

[15] The Regulations adopt the FDCPA.

46. Such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Rachel James hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Date: April 1, 2016

*Rachel James*
Rachel James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
rachelsjames1993@gmail.com
307-287-4811